### 42407. GILMER v. THE STATE.

NICHOLS, Presiding Judge. The defendant was tried and convicted under an indictment which charged him with two counts of burglary. The sole enumeration of error relates to the following occurrence which took place during the trial of the case, and while a witness for the State, a detective, was testifying as to the conduct of the investigation after the burglaries were reported: "Q. As a result of the conversation you had with him, what did you do, don't tell me what you said or what he said but as a result of the conversation what did you do? A. I called the Identification Bureau and started checking records. Q. Did you find some records? A. Yes sir, I found some records. Q. Did you find some photographs? A. Yes. By Mr. Henley: If the Court please, I want to object to that. By Mr. Thompson: It is probably a little leading. By Mr. Henley: Not just leading but I have a motion at this time, Your Honor, outside of the presence of the jury. By the Court: Let the jury go out. (Whereupon the jury retired to the jury room.) By Mr. Henley: Your Honor, I make a motion for a mistrial on the grounds that the solicitor has placed, or attempted to place, I think he has placed the defendant's record into evidence by attempting to show through this officer they went to the identification department and found pictures. By the Court: He didn't say this defendant's picture. By Mr. Henley: I think the implication itself is enough to get a mistrial. By the Court: I overrule the motion. Let the jury come back. He didn't say anything with reference to

the defendant on trial. (Whereupon the jury returned to the jury box.) Q. As a result of your investigation did you cause a warrant to issue from the Civil Court of Fulton County for the arrest of James Edward Gilmer? A. Yes sir, I did."

No further objection was made during the trial of the case and the enumeration of error is as follows: "The court erred in refusing to grant a motion for mistrial when the appellant's character was placed in issue by testimony concerning the issuance of a warrant for the arrest of the appellant as the result of the investigating officer's calling of the Identification Bureau and checking of criminal records." *Held:*

1. No question is presented by so much of the enumeration of error as deals with the issuance of the warrant since no objection or motion for mistrial was made after such question was asked. See *Dowling v. Camden County,* 113 Ga. App. 34 (3) (146 SE2d 925).

2. The questions with reference to the officer's investigation at the Identification Bureau did not show that the defendant had a record or that his photograph was found. Even assuming that such evidence may have otherwise been objectionable and that the enumeration of error is sufficient it was not ground for a mistrial as having placed the defendant's character in issue.

*Judgment affirmed. Hall and Deen, JJ., concur.*

SUBMITTED NOVEMBER 7, 1966—DECIDED NOVEMBER 14, 1966.

*Garland & Garland,* for appellant.

*Lewis R. Slaton, Jr., Solicitor General, J. Walter LeCraw,* for appellee.