## 28593. THE STATE v. ESTEVEZ.

UNDERCOFLER, Justice.

Daniel Estevez was convicted on separate counts for illegal possession and illegal sale of cocaine. He was sentenced to two years for possession and six years for sale to run concurrently. On review the Court of Appeals vacated the conviction and sentence for illegal possession. *Estevez v. State,* 130 Ga. App. 215 (202 SE2d 686). That decision relied upon *Burns v. State,* 127 Ga. App. 828 (195 SE2d 189), which applied the 1968 Georgia Criminal Code (Ga. L. 1968, p. 1249), and held, ". . . The offense of sale of marijuana and heroin necessarily included the offense of possession of marijuana and heroin, that is, unless the evidence showed they were on different occasions on the same date. But in this instance the evidence showed that there was a merger of certain of the counts of possession and sale; thus, under the Criminal Code the doctrine of merger is still the law in this state." See also *Sturgis v. State,* 128 Ga. App. 85 (195 SE2d 682). Our case of *Gee v.*

*State,* 225 Ga. 669, 672 (171 SE2d 291), which held that the illegal possession and illegal sale of narcotic drugs were separate crimes was distinguished by the Court of Appeals in *Burns* on the basis that *Gee* was decided prior to the effective date of the 1968 Georgia Criminal Code. Upon the state's application we granted certiorari. *Held:*

1. To what extent may an accused be prosecuted, convicted and punished for multiple offenses arising from the same criminal conduct? Prior to the adoption of the 1968 Georgia Criminal Code such questions were determined under the double jeopardy proscriptions of the United States Constitution and the Georgia Constitution. See Price v. Georgia, 398 U. S. 323 (90 SC 1757, 26 LE2d 300). These constitutional bars of double jeopardy are minimum standards. The 1968 Georgia Criminal Code has expanded the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions. See Code Ann. §§ 26-505, 26-506, 26-507. Therefore questions of double jeopardy in Georgia must now be determined under the expanded statutory proscriptions. Consequently, previous Georgia decisions applying constitutional standards of double jeopardy will generally not be applicable.

To apply the 1968 Georgia Criminal Code provisions relating to double jeopardy properly we must recognize that the proscription has two aspects. First, there are limitations upon multiple prosecutions for crimes arising from the same criminal conduct. Second, there are limitations upon multiple convictions or punishments that may be imposed for such crimes. The former is generally referred to as the procedural aspect of double jeopardy and the latter as the substantive aspect. These are treated separately in the Criminal Code and properly so because the underlying policy in barring multiple prosecutions is different from that in barring multiple punishments.

The difference between the procedural bar and the substantive bar of double jeopardy has not always been recognized. Consequently, the rules for determining one have often been inappropriately applied to the other resulting in a confusion of decisions. "Unfortunately, in many cases the courts have not distinguished between

multiple convictions and successive prosecutions and as a result have indiscriminately intermingled the cases. Not only has this diminished any hope of clarity but it has enabled the prosecutor improperly to bring successive prosecutions by relying on cases in which the courts have quite properly upheld multiple convictions." Friedland, Double Jeopardy (1966), p. 199. See *Harris v. State,* 193 Ga. 109 (17 SE2d 573, 147 ALR 980). As a matter of fact there is authority to the effect that the constitutional bar of double jeopardy does not apply to multiple punishments; however, the United States Supreme Court has held otherwise. North Carolina v. Pearce, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656).

The first policy underlying the double jeopardy bar is to prevent harassment of the accused by successive prosecutions or the threat of successive prosecutions. In the opinion of most legal scholars the bar to successive prosecutions is the primary purpose underlying the double jeopardy principle. The second policy is to prevent excessive punishment. However, it must be conceded that the matter of punishment for particular criminal conduct is largely within the prerogative of the legislative branch of government. It must determine to what extent certain criminal conduct has demonstrated more serious criminal interest and damaged society and to what extent it should be punished.

As stated by Friedland, Double Jeopardy (1966), p. 198, "The importance of the rule against multiple convictions can be easily exaggerated. Many courts and writers have recognized that the rule is of far less significance than rules against successive prosecutions, being more a matter of sentencing policy and of discovering the intent of the legislature than of protecting the accused from unwarranted harassment."

The 1968 Georgia Criminal Code distinguishes the two aspects of double jeopardy. The rules barring multiple prosecutions are clearly different from those barring multiple punishments.

First, there are limitations upon multiple prosecutions arising from the same criminal conduct. Code Ann. § 26-506 entitled, "Multiple prosecutions for same conduct" requires all crimes arising from the same

conduct to be prosecuted in a "single prosecution" provided they are in the same jurisdiction and are known to the prosecutor unless the court in the interest of justice orders separate trials. Code Ann. § 26-507 sets out in detail when a second prosecution is barred. These are matters of procedure. They prevent an accused from being unduly harassed by or threatened by successive criminal prosecutions.

The second policy expressed in the 1968 Georgia Criminal Code limits the convictions or punishments that may be imposed for crimes arising from the same criminal conduct. This is generally referred to as the substantive aspect of the double jeopardy principle in that it relates to the penalty for criminal conduct as distinguished from the procedural aspects of successive prosecutions discussed above.

In this regard the 1968 Georgia Criminal Code provides that the accused may be prosecuted for but may not be convicted of more than one crime if: "One crime is included in the other." Code Ann. § 26-506 (a) (1). A crime is included in the other when "(a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." Code Ann. § 26-505 (a). Or "(b) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Code Ann. § 26-505 (b).

These sections establish alternative rules for determining when one crime is included in another as a matter of fact *or* as a matter of law so as to bar conviction and punishment for more than one crime. Heretofore the rule was that an accused could not be convicted and punished for more than one crime if they were the same as a matter of fact *and* as a matter of law. *Gee v. State,* supra. The 1968 Criminal Code with respect to punishment follows the same general rule but provides that it be applied in the alternative rather than conjunctively, that is, a crime is an included crime and multiple punishment therefor is barred if it is the same as a matter of fact *or* as a matter of law as specified in

the Criminal Code. Code Ann. § 26-505 (a) sets out the rules for determining an included crime as a matter of fact or (b) as a matter of law. In addition the Criminal Code provides that an accused may not be convicted of more than one crime if: "The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Code Ann. § 26-506 (a) (2).

Accordingly, the illegal possession of cocaine and the illegal sale of cocaine are separate crimes as a matter of law. The crimes do not involve less injury or risk of injury to the same person or property. There are separate public interests involved. One penalizes possession to deter unauthorized persons from keeping such drugs. The other imposes penalties to deter unauthorized persons from selling such drugs. A lesser degree of culpability is not involved. One crime does not prohibit general conduct and the other specific conduct.

In the instant case, however, the evidence required to convict of illegal sale was the only evidence showing possession. Therefore, as concluded by the Court of Appeals, the illegal possession was included in the crime of illegal sale as a matter of fact under Code Ann. § 26-505 (a).

2. The Court of Appeals in its opinion stated (Hn. 3), "The defendant contends: 'The trial court erred in submitting both counts of the indictment against appellant to the jury where the contraband or evidence allegedly *possessed* by appellant in Count One . . . was the *same* evidence upon which the charge of selling (Count Two) was based, all arising out of the *same* transaction, in violation of Code Ann. § 26-506 (Ga. L. 1968, pp. 1249, 1267).' With the defendant's contention we agree." This is erroneous. An accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one crime is included in the other. Code Ann. § 26-506.

3. The sentences in this case were ordered to run concurrently. In granting certiorari we have not considered nor do we express any view as to whether the imposition of concurrent sentences in this case bars review of double jeopardy proscriptions. See Benton v.

Maryland, 395 U. S. 784 (89 SC 2056, 23 LE2d 707).
*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 10, 1974 — DECIDED MAY 28, 1974.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Carter Goode,* for appellant.
*Mason W. Stephenson,* for appellee.