## 29078. HARVEY v. THE STATE.

HALL, Justice.

Kenneth Harvey appeals from his December 20, 1973 conviction in Bibb Superior Court of the offenses of armed robbery and aggravated assault upon Bobby West.

At trial, the state's evidence tended to show that around 9:00 p.m. on October 19, 1973, Harvey and two other men approached Bobby West as he neared his new automobile, and asked him for rides home. As the four proceeded in West's car, West driving, all three passengers including Harvey drew guns on West, and Harvey insisted upon being allowed to drive. West acquiesced. Harvey advised him to do as he was told so that he would not get shot. All three held guns on West while one of the other two men demanded his jewelry. He refused, and the jewelry was never taken from him. One of the other two men announced from the back seat that after they drove on a little further he intended to shoot

West. West grabbed the steering wheel as Harvey drove; the other man shot West in the back of the neck; Harvey stopped the car, saying something like "why did you shoot him?"; West opened the car door and rolled out; the car drove off with Harvey at the wheel. A passerby rescued West; police were notified; and the three were apprehended in West's car, with Harvey driving, about an hour later. Police found two guns in the car, including one containing five live shells and one spent cartridge. West testified against Harvey at trial, and the passerby also testified.

The defense evidence consisted of Harvey's sworn statement that he and two strangers to him sought a ride with West; West offered to allow Harvey to drive and Harvey accepted; West "touched" Harvey objectionably twice, and upon Harvey's protest West snatched the wheel running the car off the road, and then grabbed one of the men in the back seat, "and they started rassling and the pistol went off, then he jumped out."

1. On this appeal raising 29 enumerations of error, the only contentions of substance are those contained in enumerations 5 through 8, 18, 19 and 20, urging that Harvey could not be convicted both of aggravated assault and armed robbery, because the assault was included in the robbery. These enumerations invoke provisions of the new Criminal Code of Georgia, viz. Code Ann. §§ 26-505 and 26-506.

The language of Count 2 charging armed robbery alleged that the three men including Harvey did with the intent to commit theft take the automobile from West's person "by use of a pistol and revolver . . ." On the facts recited above, the offense of armed robbery was completed when Harvey took over the vehicle after West had been forced at gunpoint to turn over its control and accompany the others as a passenger. Subsequently, a co-conspirator shot West in the neck after announcing that he wanted to shoot him a little further down the road. This evidence would support a jury verdict of assault with intent to murder or assault with a deadly weapon, either of which would constitute aggravated assault as defined in Code Ann. § 26-1302, and either of which comported with the language of Count 3 which

charged an "assault upon the person of Bobby West with a certain pistol and revolver, the same being a deadly weapon."[1] Therefore, the *facts* adduced to support the two counts being different, the assault is not "included" within the robbery under the terms of Code Ann. § 26-505 (a). Moreover, as a matter of *law,* see *State v. Estevez,* [2] 232 Ga. 316, 319 (206 SE2d 475), aggravated assault and armed robbery do not differ only in that a less serious injury or risk of injury to the same person, property, or public interest, or a lesser kind of culpability, applies to one crime than the other, as set forth in Code Ann. § 26-505 (b). Therefore, neither on the facts nor in law is the one charge "included" in the other under Code Ann. § 26-506 (a) (1) prohibiting multiple prosecutions for the same conduct. Considering § 26-506 (a) (2), "no one of . . . [these crimes—armed robbery and aggravated assault] is defined to prohibit conduct generally where another prohibits a specific instance of such conduct." *Rowe v. State,* 232 Ga. 700 (208 SE2d 500). Accord, *Roberts v. State,* 228 Ga. 298, 299 (185 SE2d 385). Therefore, under Section (a) of Code Ann. § 26-506, the accused may be prosecuted for each of these two crimes and these enumerations are without merit.

2. Enumeration 1, urging error in overruling the new trial motion, is merely repetitive of the individual enumerations here found to be without merit. Additionally, prosecution of Harvey on three counts (a count of attempted armed robbery was dismissed during trial) did not unfairly impugn his character before the jury.

---

[1] Because the issues presented are otherwise resolved, it is not necessary to consider the possibility that the facts would also support a finding that either armed robbery or aggravated assault or both could be found to have occurred at other additional points in the transaction.

[2] The *Estevez* decision construed Code Ann. § 26-505 (a) to present a question of fact and § 26-505 (b) to present a question of law.

3. Enumerations 2, 3 and 4 raising the general grounds, are without merit considering the evidence recited above, which was adequate to convict under Code Ann. §§ 26-1902, 26-1302, and the Parties to Crime Statute, Code Ann. § 26-801.

4. Enumerations 9 through 12, arguing that the trial court should have charged on impeachment is without merit. There was no request for such a charge as is required by *Williams v. State,* 222 Ga. 208, 217 (149 SE2d 449). Moreover, the "conflicts" assertedly present in the evidence are largely dispelled by review of the record, and the fact that defendant denied the charge did not "impeach" the testimony of the prosecuting witness.

5. Enumerations 13 through 17. The evidence amply authorized a charge on conspiracy under Code Ann. § 26-801, and there was no evidence tending to show Harvey's withdrawal from the conspiracy. His after-the-fact remonstrance over West's having been shot does not constitute withdrawal. He drove off in West's car, leaving West beside the road, and was still driving it when apprehended.

6. Enumerations 21-27 are without merit. The court did not err in instructing the jury on the definition of simple assault to assist their comprehension of aggravated assault. The latter offense uses the term "assault" as defined in the former. See Code Ann. §§ 26-1301, 26-1302.

7. Since a gun is a deadly weapon, see Code Ann. §§ 26-2901, 26-2902, and since West was actually shot, there is no merit in Enumerations 28 and 29 arguing that the court should have instructed the jury on what constitutes a deadly weapon and its threatened use.

All 29 enumerations being without merit, the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

Submitted September 9, 1974 — Decided October 1, 1974 — Rehearing denied October 17, 1974.

*Frank G. Wilson,* for appellant.
*Fred M. Hasty, District Attorney, Walker P. Johnson,*

*Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, David L. G. King, Jr., John B. Ballard, Jr., Assistant Attorneys General,* for appellee.