## 55611. COAXUM v. THE STATE.

BANKE, Judge.

The defendant and another person, Willie Lee Mitchell, were jointly indicted on two counts of aggravated assault and one count of robbery by force. Mitchell was tried separately and was convicted of robbery by force and one count of simple battery. The defendant's trial, held approximately a year later, resulted in convictions on all three indictments as charged.

Immediately upon the call of the case for trial, defense counsel moved for a continuance for additional time to obtain a transcript of co-defendant Mitchell's trial. This motion was denied. Following the trial, defense counsel filed a motion for "judgment notwithstanding the verdict," which was dismissed on motion by the state as being a civil rather than a criminal remedy. This appeal is

from that order of dismissal.

1. "No matter by what name a pleading is called, the nature of the action is determined by the substance. [Cits.]" *Deen v. State,* 216 Ga. 387 (2) (116 SE2d 595) (1960). Since the "motion for judgment notwithstanding the verdict" is the same in substance as a motion for new trial on the general grounds, we will consider it as such and reach the merits of the appeal.

2. The evidence in this case is ample to support the verdict. Both of the victims testified that the defendant was one of two persons who burst into their home, beat them, and took money from them.

3. The defendant asserts that his conviction on one of the aggravated assault indictments arose out of the same conduct as did his robbery conviction and that this aggravated assault conviction should have merged into the robbery conviction as a lesser included offense. We do not agree. The robbery victim testified that during the 30 minutes that the defendant was present in his home, the defendant strangled him, hit him on the head with a coffee table leg, and jumped up and down on his back and ribs. The jury was authorized to conclude that at least a portion of this violence was gratuitous and unconnected with the theft of the victim's money. Accordingly, we cannot accept the contention either that the one offense was included in the other or that both offenses were established by the same conduct. See Code §§ 26-505, 26-506; *Roberts v. State,* 228 Ga. 298 (2) (185 SE2d 385) (1971); *Rowe v. State,* 232 Ga. 700 (208 SE2d 500) (1974); *Harvey v. State,* 233 Ga. 41 (209 SE2d 587) (1974); *Ledford v. State,* 237 Ga. 628 (229 SE2d 403) (1976).

4. The trial court erred in denying the motion for continuance based on the information before it. Defense counsel maintains that the transcript of the prior trial was essential for purposes of impeaching the testimony of the victims, who, he contends, offered different testimony at the co-indictee's trial. He stated in the lower court that he had been unable to obtain the transcript from the court reporter despite repeated requests over a one-year period. In response, the state merely pointed out that the defense already had a preliminary hearing transcript and urged that this should be sufficient for impeachment purposes.

There is no testimony from the court reporter to indicate whether the absence of the transcript was due to the defendant's failure to pay for it or for some other reason. We accordingly remand the case for a new hearing on the motion for continuance in order to determine why the transcript was not available to the defense. If the evidence at the hearing indicates that defense counsel was denied the transcript despite his due diligence in attempting to obtain it, then the judgment of conviction must be reversed for a new trial. Otherwise, the conviction is affirmed.

*Judgment vacated with direction. Deen, P. J., and Smith, J., concur.*

Argued April 3, 1978 — Decided June 22, 1978.

*Stephen H. Harris,* for appellant.
*Andrew J. Ryan, III, District Attorney, Stephen R. Yekel, Assistant District Attorney,* for appellee.