## 56384. THE STATE v. LAMB.

BANKE, Judge.

The state appeals the dismissal of its indictment for rape against the defendant, Gregory M. Lamb.

The defendant was charged in two separate indictments with the crimes of burglary with the intent to commit rape and rape. On recharge, the judge instructed the jury on criminal trespass, a lesser included offense of

burglary. The jury was unable to reach a verdict on the rape charge whereupon the judge declared a mistrial on that charge. The jury did, however, find the defendant guilty of criminal trespass. Defense counsel subsequently filed a motion to dismiss the indictment for rape on the ground of double jeopardy. The judge granted the motion, and it is this ruling which the state appeals. *Held:*

In charging the jury, the trial judge correctly instructed them that "Intent to commit a felony or theft is an essential ingredient of the offense of burglary." Because the burglary indictment specifically listed rape as the felony intended, the judge then referred the jury to the charge he had just given on rape. In finding the defendant guilty of criminal trespass, rather than burglary, the jury in effect found that the evidence did not prove intent to rape beyond a reasonable doubt.

The offenses charged in the two indictments arose out of the same transaction, and because of the specificity with which the burglary indictment was drawn, it was absolutely necessary for the jury to consider all the evidence of rape in reaching its verdict on the burglary charge.

The state's contention at trial was that the defendant unlawfully entered a second floor bedroom window of his former wife's apartment with the intent to rape her and that he did in fact rape her. At no time did the defendant raise the defense that his entry was for some purpose other than to commit rape; his defense was that the events never occurred at all. The state made its burglary indictment specific for rape and having lost on that charge, it cannot now contend, in variance to its contentions at trial, that the intent to rape was formed after entry. "Since it indisputably appears that the defendant could not be guilty of the present charge [rape] without also being guilty of the crime of which he has been tried and acquitted [burglary], he can not now be put in jeopardy for the purpose of again adjudicating the issue which has already been determined in his favor." *Harris v. State,* 193 Ga. 109, 121 (17 SE2d 573) (1941). See Code Ann. § 26-505 (a); *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974); *Stephens v. Hopper,* 241 Ga. 596 (1978). See also *Copenhaven v. State,* 15 Ga. 264 (1854); *Clark v. State,*

144 Ga. App. 69 (240 SE2d 270) (1977). The trial judge, therefore, did not err in granting the defendant's motion to dismiss the indictment for rape.

*Judgment affirmed. Deen, P. J., and Smith J., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED OCTOBER 5, 1978.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Kenneth R. Fielder, Michael K. Gardner, Assistant District Attorneys,* for appellant.

*Mark Ross Becton,* for appellee.