## 56917. HIZINE v. THE STATE.

BANKE, Judge.

The appellant was convicted of armed robbery and aggravated assault. The indictments alleged that he and a co-defendant had beaten the victim and taken his money by using as offensive weapons a pair of hedge clippers, a chair, and a knife.

According to the victim's testimony at trial, the crimes occurred as follows. The two defendants were staying at the victim's home. The appellant began "tussling" with the victim and grabbed his wallet, causing the money to scatter onto the floor. The two men fell to the floor, still fighting. The victim picked up a knife and threatened to cut the appellant if he did not cease fighting, but the appellant continued to struggle. The victim cut the appellant twice on the arm and then discarded the knife. The co-defendant, who was standing nearby, picked up a pair of hedge clippers at this point and hit the victim over the head with them. The victim managed to wrest the clippers away, but the co-defendant then picked up a chair and hit the victim over the head with that. This and some subsequent beating subdued the victim and allowed the two defendants to take approximately $81 from him. Holding a knife to his back, the two defendants then forced the victim to walk outside and to enter his car. Realizing they had no key, the defendants ordered the victim to stay put and attempted to "hot-wire" the car. While their attention was thus diverted, the victim, though handicapped by an artificial leg, was able to escape across an open field.

Other witnesses testified for the state that they had seen the victim shortly after the time when this incident was alleged to have occurred and that he exhibited signs of a severe beating to the head and face. *Held:*

1. The verdicts were supported by the evidence. However, under the indictments, as drawn, the aggravated assault conviction must merge with the armed robbery conviction. The hedge clippers, the chair, and the knife were all used against the victim in an effort to subdue him prior to taking his money. Thus, the facts adduced to support the armed robbery charge, as it was set

forth in the indictment, were the same facts used to support the aggravated assault charge, as it was set forth in the indictment. Under these circumstances, the aggravated assault charge must be considered an included offense within the armed robbery charge pursuant to Code Ann. § 26-505 (a). See generally *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974). Compare *Harvey v. State*, 233 Ga. 41 (1) (209 SE2d 587) (1974); *Coaxum v. State*, 146 Ga. App. 370 (3) (246 SE2d 403) (1978). Accordingly, under Code Ann. § 26-506 (a), the appellant could not be convicted of both crimes, and the conviction for the included offense, aggravated assault, must be vacated. See *Estevez v. State*, 232 Ga. 316, supra; *Keener v. State*, 238 Ga. 7 (230 SE2d 846) (1976).

2. It was not error to decline to grant a mistrial following a reference to the appellant's failure to make a statement to police upon arrest, since no objection or motion for mistrial was made. See generally *Gilmer v. State*, 114 Ga. App. 611 (1) (152 SE2d 666) (1966).

3. The third enumeration of error cites several instances where the defendant's character was allegedly maligned. However, no objection was ever made to this testimony. Consequently, no error appears. See generally *Sanders v. State*, 134 Ga. App. 825 (1) (216 SE2d 371) (1975).

4. The fourth enumeration of error is deemed abandoned for failure to provide argument or citation of authority in support thereof. See Rule 18 (c) (2), Rules of the Court of Appeals.

*Judgment of conviction for armed robbery affirmed. Judgment of conviction for aggravated assault vacated. Deen, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 14, 1978 — DECIDED DECEMBER 5, 1978.

*Ralph M. Walke*, for appellant.
*Beverly B. Hayes, District Attorney, James Stanley Smith, Jr., Assistant District Attorney*, for appellee.