## 61379. LAMBERT v. THE STATE.

DEEN, Presiding Judge.

The defendant was convicted in Count 2 of an indictment charging him under Code § 26-1001 with criminal attempt to commit armed robbery. He was convicted in Count 3 of the offense of aggravated assault under Code § 26-1302 by shooting at a security guard.

The defendant was sentenced to ten years under Count 3 and to 10 years under Count 2, sentences to be served consecutively. He complains that a motion to merge the convictions for one sentence only was erroneously denied in that the evidence shows that as a matter of fact under § 26-505 (a) one is an included crime of the other so as to forestall conviction under both.

The defendant entered a branch bank during the lunch hour with a stocking mask, dark glasses, wig and bandana. He had a gun in his hand which he was pointing generally into the room and shoved a visitor who happened to be an off-duty policeman, saying, "Get out of the way." Shots were exchanged between him and a uniformed bank security guard who was sitting behind the teller line with his upper chest and head visible from the door. The defendant was wounded, captured, and identified.

Armed robbery under Code § 26-1902 consists in taking the property of another with intent to steal by use of an offensive weapon. It may be inferred by a jury that one entering a bank with drawn handgun and wearing a disguise, who tells a person standing nearby to get out of his way, has an intent to steal in the course of which he is using an offensive weapon. This completed offense is entirely separate and complete from that of aggravated assault occurring when the pistol is aimed and shot at a guard apparently in the act of defending his employer's premises by drawing and firing his own gun. The two crimes are separate as a matter of fact under Code § 26-505 (a). *Riden v. State,* 151 Ga. App. 654 (6) (261 SE2d 409) (1979); *Smith v. State,* 146 Ga. App. 444 (4) (246 SE2d 454) (1978); *Whitehead v. State,* 144 Ga. App. 836 (242 SE2d 754) (1978). We recognize that while aggravated assault and armed robbery are indeed different crimes as a matter of law, they are not always so as a matter of fact.

See *Addison v. State,* 239 Ga. 622 (238 SE2d 411) (1977) and *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974). In the present case, however, the attempt to commit armed robbery was completed when the defendant entered the bank armed with a gun and wearing a disguise, with the manifest intent to commit a theft. At that moment there was (so far as we know) no intent to commit an aggravated assault. This act came about when, in an obvious attempt to incapacitate the armed security guard, he pulled the trigger of his own weapon in that direction.

The appellant's contention that the defendant is being punished twice for a single crime raises a question of the construction of Code § 26-1302 which defines aggravated assault as assault with intent to rob *or* assault with a deadly weapon. The punishment for an act fitting either of these definitions is one to ten years, unless the person assaulted is a peace officer engaged in the performance of his official duties, in which case the punishment is five to twenty years. Officer Waynick was in fact a peace officer in uniform but was at the time of this incident acting as a security guard for the bank rather than as an officer of the local city police department. The court withdrew from jury consideration that part of Count 3 of the indictment which charged the defendant with assault on a peace officer performing his official duties, and quite properly limited that count to the language charging him with aggravated assault with intent to commit armed robbery. Since proof that the peace officer was in the performance of official duties has no bearing on the crime other than to lengthen the punishment, the crimes of attempted armed robbery and of aggravated assault are separate and distinct, and separate sentences were properly imposed.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 29, 1981.

*J. Lee Rose,* for appellant.

*Thomas J. Charron, District Attorney, Mary E. Staley, Assistant District Attorney,* for appellee.