## 65281. JACKSON v. THE STATE.

DEEN, Presiding Judge.

Albert Jackson brings this appeal from his conviction of armed robbery following the denial of his motion for a new trial.

1. Appellant contends that the trial court erred in refusing to charge his sole defense of simple battery. At trial, the appellant's sole defense was that he had no idea that an armed robbery was in progress when he viewed a scuffle involving his friend and the victim and that when he went to the aid of his friend, he hit the victim. The court charged on intent, mistake of fact and mere presence. Jackson was not charged with simple battery and it is not a lesser offense of armed robbery. "To authorize a charge on a lesser included offense 'it is essential that the allegations describing the greater offense contain all essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser.' *Gearin v. State,* 127 Ga. App. 811 (1) (195 SE2d 211)." *Kinney v. State,* 155 Ga. App. 95, 96 (270 SE2d 209) (1980). Under Code § 26-1304, simple battery involves making intentional physical contact or causing physical harm to another. Armed robbery as defined in Code Ann. § 26-1902 does not include physical contact or harm to another. Moreover, robbery by intimidation is set forth as the lesser included offense of armed robbery.

2. The trial court did not err in failing to charge the jury as to attempt to commit armed robbery as no request for such a charge appears in the record. *Walston v. State,* 245 Ga. 572 (266 SE2d 185) (1980). Furthermore, the evidence shows that the defendant was a party to the crime of armed robbery. Appellant was seen talking to the gunman shortly before the robbery and aided and abetted the

perpetrator by grabbing and hitting the victim. The appellant claims that he took no part in the robbery and had no knowledge of it. Where all the evidence shows either a completed offense or no offense, the court should not charge on a lesser grade of that offense (in the case, attempt). *Tremble v. State,* 162 Ga. App. 761 (292 SE2d 442) (1982).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 22, 1982.

*Susan L. Frank, J. Russell Mayer,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Tom Hayes, Assistant District Attorneys,* for appellee.