## 68025. LUKE v. THE STATE.

BENHAM, Judge.

Appellant was convicted of burglary, robbery, and aggravated assault and brings this appeal from the judgment entered on the jury's verdicts.

1. The charges brought against appellant concerned events which took place in the home of Mrs. Clarence King on July 11, 1983. In his first enumerated error, appellant contends that his constitutional guarantee against double jeopardy was infringed upon when the trial court refused to rule that the robbery charge factually merged into the burglary charge.

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another . . ." OCGA § 16-7-1 (a). In the burglary count of the indictment, the grand jury alleged that robbery was the felony appellant intended to commit when he entered Mrs. King's home. Appellant contends that the State had to prove the robbery in order to prove the burglary, and concludes that it was error to allow appellant to be convicted and sentenced on both

the robbery and burglary charges. See OCGA § 16-1-7 (a).

"Common law burglary was recognized as an offense against habitation, whereas robbery was classified as a species of aggravated larceny which violated the social interest in the safety and security of the person as well as the social interest in the protection of property rights. [Cit.] The statutory definition of these offenses makes it clear that the Georgia legislature also intended to prohibit two designated kinds of general conduct, and that the two crimes, which were codified in separate chapters, are not established by the same proof of all the facts. [Cits.] The burglary statute prohibits specified types of entry on the property of another without permission and with intent to commit a felony or theft. [OCGA § 16-7-1 (a)] . . . [R]obbery does not involve any entry and can be committed anywhere, but the perpetrator must [take property by force, threat, or sudden snatching] and property must be taken from the person or immediate presence of another. [OCGA § 16-8-40 (a)]. Thus neither crime is a lesser, or included, offense of the other as a matter of law or fact, for the facts must differ to convict under the statutes. [Cits]." *Moore v. State*, 140 Ga. App. 824 (2) (232 SE2d 264) (1976). See also *Oglesby v. State*, 243 Ga. 690 (2) (256 SE2d 371) (1979) (neither burglary nor voluntary manslaughter is an offense included in the other within the meaning of OCGA § 16-1-7 (a)); *Boyd v. State*, 168 Ga. App. 246 (8) (308 SE2d 626) (1983) (neither burglary nor armed robbery is an offense included in the other); *Bissell v. State*, 157 Ga. App. 711 (4) (278 SE2d 415) (1981) (neither burglary nor attempted aggravated sodomy is an offense included in the other). Thus, no double jeopardy violation occurred when appellant was convicted of and sentenced for both the burglary and the robbery counts.

2. Appellant also contends that the trial court erroneously permitted him to be convicted of and sentenced for both robbery and aggravated assault. The evidence adduced at trial showed that appellant rifled Mrs. King's cash register drawer while his co-indictee forcibly restrained her from leaving her bed.

"A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another: (1) By use of force; (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury . . ." OCGA § 16-8-40 (a). "A person commits the offense of aggravated assault when he assaults: (1) With intent to murder, to rape, or to rob . . ." OCGA § 16-5-21 (a). Simple assault occurs when a person "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a).

Under the indictments, as drawn, the aggravated assault conviction must merge with the robbery conviction since the victim was

placed in fear of receiving bodily injury before her money was taken. Since the facts adduced to support the robbery charge were the same facts used to support the aggravated assault charge, the aggravated assault charge must be considered an offense included with the robbery charge under OCGA § 16-1-7 (a). See *Hizine v. State*, 148 Ga. App. 375 (1) (251 SE2d 393) (1978). See also *Chitwood v. State*, 170 Ga. App. 599 (4) (317 SE2d 589) (1984).

3. Finally, appellant asserts as error the trial court's denial of his motion for mistrial after a witness for the State allegedly injected appellant's character into the trial. The witness, who had been riding in a car with appellant and his co-indictee prior to the incidents at Mrs. King's home, stated that appellant and his co-indictee were "talking crazy" and "doing crazy things" in the car. When asked by the district attorney to relate what the two men were talking about doing, the witness responded, "Well, they were talking about how one of them had been in prison and all of that, you know . . . Mr. Luke, I think, he was the one that said he had been there three years . . ." Counsel for appellant immediately moved for a mistrial, which was denied in favor of curative instructions. Appellant's counsel, feeling that the bell could not be unrung, continued his objection, preserving the issue for appeal. Compare *Jackson v. State*, 248 Ga. 480 (2) (284 SE2d 267) (1981).

"Evidence which shows or tends to show that the defendant has committed another crime independent of the offense for which he is on trial is irrelevant and inadmissible. [Cit]." *Marlowe v. State*, 162 Ga. App. 37 (1) (290 SE2d 136) (1982). The decision whether the witness' statement was so prejudicial as to warrant a mistrial is a matter within the trial court's discretion, and will not be disturbed absent an abuse of that discretion. *Sabel v. State*, 250 Ga. 640 (5) (300 SE2d 663) (1983). "[E]ach case must be examined in the light of its relevant circumstances. [Cits]." *Bullock v. Bullock*, 244 Ga. 538 (1) (261 SE2d 331) (1979). With that in mind, we turn to the facts of this case.

When appellant took the stand in his own defense, he stated, "I've never robbed nobody, I've never aggravated assaulted nobody or burglarized anybody." In response to questions on cross-examination, appellant stated that he had never been convicted of burglary or stealing. The State then impeached his statements by means of copies of appellant's prior convictions. See *Baker v. State*, 161 Ga. App. 670 (4) (288 SE2d 280) (1982); *Mitchell v. State*, 136 Ga. App. 390 (3) (221 SE2d 465) (1975). When appellant was so impeached, he stated, "Whatever it was, I served for it."

While we do not condone testimony such as that which the State's witness gave placing appellant's character in issue, in light of appellant's subsequent testimony, we cannot say that it was reversible error to deny his motion for mistrial. See *Sabel v. State*, supra.

*Judgment affirmed as to burglary and robbery. Judgment vacated as to aggravated assault. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 14, 1984.

*Charles R. Reddick,* for appellant.
*Lew S. Barrow, District Attorney, Robert B. Ellis, Jr., David C. Walker, Assistant District Attorneys,* for appellee.