## 43161. HAMBRICK v. THE STATE.
(344 SE2d 639)

HUNT, Justice.

Eddie Hambrick was tried by a jury and convicted of one count of malice murder, seven counts of aggravated assault, and five counts of attempted armed robbery.[1] He was sentenced to life for the murder, 20 years on each count of aggravated assault (consecutive to each other and to the life sentence), and 10 years on each count of attempted armed robbery (concurrent to each other and to the aggravated assault sentences).[2]

All of the charges arose out of an incident at the Ansley Mall branch of the C&S Bank in Atlanta the morning of January 17, 1985. The state's evidence showed that the defendant and his brother-in-law, Theodore Stewart, entered the bank wearing ski masks; defendant was carrying a .22 caliber pistol and Stewart was carrying a blank pistol and a brown canvas bag. As they approached the tellers, either

---

[1] The crimes were committed on January 17, 1985. Hambrick was indicted on February 19, 1985. The jury returned its verdict on June 29, 1985, and Hambrick was sentenced on July 8, 1985. The transcript was certified by the court reporter on December 19, 1985, and the appeal was docketed in this court on January 30, 1985. The case was set on the oral argument calendar for April 21, 1986.

[2] The state sought the death penalty in this case. Although the jury found a statutory aggravating circumstance, OCGA § 17-10-30 (b) (3), it recommended life imprisonment.

the defendant or Stewart announced that the bank was being robbed and told them not to move. One of the tellers tripped the silent alarm.

An Atlanta police officer, Wesley Derrick, worked as a plain-clothes security guard at the bank and was sitting in a rear office when he heard the commotion. He stepped out of his office and stopped when he saw the two men in ski masks. Both turned toward him and the defendant fired a shot. Rebecca Andrews, a teller, was hit and fell to the floor. After ordering everyone to get down, Officer Derrick stepped back in his office, removed his .38 caliber special pistol from the back of his trousers, and returned to the doorway facing the robbers. The defendant fired again, and Stewart started toward Officer Derrick. Derrick fired at Stewart who grabbed his chin, dropped the bag, and fled. The defendant and Derrick continued to fire at each other until the defendant tossed his pistol toward Derrick and fled. Rebecca Andrews died as the result of a gunshot wound in the head; the fatal bullet was fired by the defendant.

We have reviewed the evidence in the light most favorable to the jury's determination, and we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. The defendant filed a pro se brief on appeal in which he enumerates 9 errors, some of which are repetitive. His appointed counsel filed a brief on appeal enumerating as error one of the issues also raised by defendant, to wit, that the trial court erred in failing to grant defendant's motion for a mistrial, made after his character was impermissibly put in issue by a state's witness. The incident in question occurred when an FBI agent who was testifying with regard to a statement defendant had made when arrested, added "[A]nd then the only other thing was that he said that he had been arrested in the past for theft by taking." Following defendant's motion for mistrial, the trial judge instructed the jury to disregard that remark. Under the facts of this case, the instructions were sufficient to cure the error, and the trial court did not abuse his discretion in denying the motion for a mistrial. *Wright v. State*, 253 Ga. 1 (3) (316 SE2d 445) (1984); *Hooks v. State*, 253 Ga. 141 (4) (317 SE2d 531) (1984); *Sabel v. State*, 250 Ga. 640 (5) (300 SE2d 663) (1983).

2. Defendant's contentions that the trial court erred by not allowing him his full 20 peremptory strikes, and by not charging the jury on the lesser included offense of simple assault are unsupported by the record.

3. Contrary to the defendant's assertions, the trial court did not err in imposing consecutive sentences for the aggravated assault convictions. It is within the trial court's discretion to sentence consecutively. OCGA § 17-10-10; *Duckworth v. State*, 246 Ga. 631 (2) (272

SE2d 332) (1980); *Spivey v. State*, 253 Ga. 187 (5) (319 SE2d 420) (1984), cert. denied, 105 SC 816 (1985); *Welch v. State*, 254 Ga. 603 (2) (331 SE2d 573) (1985).

4. Defendant also argues that he cannot be convicted of both aggravated assault and attempted armed robbery, because all of the elements of aggravated assault are included in attempted armed robbery.[3]

OCGA § 16-1-7 (a) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." A crime may be included either as a matter of fact or as a matter of law. *State v. Estevez*, 232 Ga. 316, 319 (206 SE2d 475) (1974). While it is settled that aggravated assault is not included in robbery, armed robbery or attempted armed robbery as a matter of law, *Harvey v. State*, 233 Ga. 41, 43 (209 SE2d 587) (1974), *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981), it may be included as a matter of fact. *Luke v. State*, 171 Ga. App. 201 (2) (318 SE2d 833) (1984). In this case, the defendant was indicted in each instance for attempted armed robbery in that he did enter the bank, "did brandish pistols, did orally announce accused's purpose to rob said Bank, and did point a pistol at [the victim], who had access to and who was a custodian of the money in said Bank. . . ." The indictments for aggravated assault charged him with aggravated assault in that he "did unlawfully commit an assault upon the person of [the victim] by pointing a pistol at him; the same being a deadly weapon. . . ."[4] Thus the defendant's act of pointing the pistol at the bank employees when he announced his intent to rob the bank is the act underlying both the convictions for attempted armed robbery and for aggravated assault. In *Harvey v. State*, supra, the armed robbery was complete before the assault occurred and the crimes did not merge. Likewise in *Lambert v. State*, supra, the attempted armed robbery was completed before the assault occurred, and the crimes did not merge. Here, however, as in *Luke v. State*, supra, the same facts were used both to prove attempted armed robbery and aggra-

---

[3] This argument only applies to the 5 counts of aggravated assault involving the five victims of attempted armed robbery. The other two convictions are unaffected. One of those is Officer Derrick, as to whom there was no indictment for attempted armed robbery because he did not have access to the bank's money. The other was a bank employee as to whom the state intended to indict for attempted armed robbery; because the indictment repeated another victim's name instead of using the correct name, the trial court dismissed that count.

[4] The count as to Officer Derrick charged him with "shooting at him with a pistol. . . ." As noted supra, that count is not at issue.

vated assault. Therefore the five convictions of aggravated assault at issue do in fact merge with the attempted armed robberies and must be set aside.

5. In his pro se brief on appeal, the defendant contends that his trial counsel were ineffective. Because he is represented on appeal by different counsel than those who handled the trial, we remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel. *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986).

6. The remaining enumerations of error are without merit.

*Judgment affirmed in part, reversed in part, and remanded. All the Justices concur, except Marshall, C. J., who concurs in the judgment only.*

DECIDED JUNE 24, 1986 —
RECONSIDERATION DENIED JULY 15, 1986.

*H. Pierre, Jr.*, for appellant.
Eddie Hambrick, *pro se.*
*Lewis R. Slaton, District Attorney, Carole E. Wall, Joseph J. Drolet, Assistant District Attorneys, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.