### 73785. MORELAND v. THE STATE.
(358 SE2d 276)

BANKE, Presiding Judge.

The appellant was convicted of armed robbery and aggravated assault. The primary witnesses against him were the victim and the appellant's brother, an admitted accomplice in the crime.

The victim testified that while she was on duty as a convenience store cashier during the early morning hours of July 11, 1985, a man

wearing, among other things, a ski mask and full-length blue jeans walked into the store, pointed a handgun at her and said, "Give me the money." With the assailant continuing to point the pistol at her, the victim walked behind the counter to the cash register and activated what was evidently a silent burglar alarm, following which the assailant repeated his demand for money. The victim replied that she did not have any, whereupon the assailant cocked the weapon. The victim then immediately "hit the [cash register] button," causing the register to open; and the assailant simultaneously fired the weapon, hitting an ice machine located directly behind her. He then took approximately $14 from the cash register and fled the store. The victim testified that she "believed," from observing the appellant's eyes and listening to his voice, that he was the same person who had robbed her.

The appellant's brother testified that he and the appellant had gone to the store on the night in question with the intention of robbing it. He stated that he had been dressed in shorts at the time, whereas the appellant had been dressed in blue jeans, and that he had waited outside while the appellant donned a ski mask and went inside. The brother stated that he heard a gunshot shortly after the appellant entered the store, immediately following which the appellant ran back outside and fled down a back alley, leaving him at the scene to be arrested by police upon their arrival there a few moments later. Although the brother was jointly indicted for armed robbery along with the appellant, he was allowed to plead guilty to robbery by intimidation, for which he evidently received a probationary sentence.

The appellant's two primary contentions on appeal are that the aggravated assault charge and the armed robbery charge should have been merged because they were based on the same conduct and that there was insufficient corroboration of his brother's testimony to support a guilty verdict. *Held*:

1. We must agree with the appellant that the aggravated assault was included in the armed robbery as a matter of fact under the circumstances of this case. One crime is included in another as a matter of fact if it is established by proof of the same or less than all the facts required to prove the other, i.e., if all the evidence needed to establish the one is "used up" in proving the other. See OCGA § 16-1-6 (1); *Haynes v. State*, 249 Ga. 119, 120 (288 SE2d 185) (1982). In the present case, the state argues that the appellant's initial conduct in pointing the pistol at the store clerk was sufficient in and of itself to establish the "use of an offensive weapon" element of armed robbery (OCGA § 16-8-41 (a)) and that the actual firing of the weapon may thus be viewed as the type of "gratuitous violence" which will support a separate conviction of aggravated assault. See *Coaxum v. State*, 146 Ga. App. 370 (246 SE2d 403) (1978). However, it appears without dis-

pute from the victim's testimony that it was not the initial pointing of the pistol at her which prompted her to open the cash drawer but the subsequent cocking of the weapon by the assailant after she had told him she had no money. The actual firing of the weapon, according to the victim, occurred virtually at the same moment, as she was hitting the button to open the drawer. Under such circumstances, the firing of the weapon cannot be viewed as a separate and independent act of gratuitous violence but must be considered as an inextricable part of the robbery itself. It follows that a separate conviction for aggravated assault based on such conduct is prohibited by OCGA § 16-1-7 (a) (1). Accord *Hambrick v. State*, 256 Ga. 141 (4) (344 SE2d 639) (1986); *Young v. State*, 177 Ga. App. 756 (341 SE2d 286) (1986); *Luke v. State*, 171 Ga. App. 201 (2) (318 SE2d 833) (1984); *Chitwood v. State*, 170 Ga. App. 599 (4) (317 SE2d 589) (1984); *Hizine v. State*, 148 Ga. App. 375 (1) (251 SE2d 393) (1978). Compare *Harvey v. State*, 233 Ga. 41 (209 SE2d 587) (1974) (wherein the assault was not committed until *after* the completion of the robbery); *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981) (wherein the assault and the intended robbery were directed towards at least two different individuals). The aggravated assault conviction is consequently vacated.

2. The appellant contends that the trial court erred in failing to give his requested jury charge to the effect that an accused may not be convicted of two separate crimes based on the same conduct. Although this issue is rendered moot in the present case by our decision to vacate the aggravated assault conviction, it occurs to us that a set of circumstances could conceivably arise in which the issue of whether one crime was included in another as a matter of fact would itself be a question of fact to be resolved by the jury. In such a case, a proper charge on OCGA § 16-1-6 (1) would undoubtedly be required.

3. It has repeatedly been held that the testimony of an accomplice may be corroborated by "slight evidence" tending to connect the accused to the crime or leading to the inference that he is guilty. See, e.g., *Dickerson v. State*, 161 Ga. App. 178 (1) (288 SE2d 131) (1982). We find ample independent evidence in this case to corroborate the testimony of the appellant's brother, who, it is clear, was not himself the actual perpetrator of the robbery, since he was dressed in shorts at the time of his arrest only a few seconds after its commission while the perpetrator was described as having worn full-length jeans. Given the victim's testimony that, based on the tone of his voice, the size of his head, and the appearance of his eyes, she believed it was the appellant who had robbed her, we conclude that the evidence as a whole was sufficient to permit a rational trier of fact to find him guilty of armed robbery beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. The trial court gave a full and correct charge on the need for

corroborating evidence to substantiate the testimony of an accomplice, and the trial court's refusal to give the appellant's requested charge on the issue consequently did not constitute reversible error. See generally *Ennis v. State*, 249 Ga. 222 (290 SE2d 50) (1982).

5. The appellant contends that the trial court erred in failing either to give him a probationary sentence pursuant to the First Offender Act, OCGA § 42-8-60 et seq., or to make him eligible for early parole consideration pursuant to OCGA § 17-10-1 (b). This enumeration of error is patently without merit, as such matters are entirely within the discretion of the trial court, and, contrary to the appellant's assertions on appeal, there is nothing whatsoever in the record to indicate that the trial court was unaware of any of its sentencing options. Moreover, with respect to the court's failure to impose first-offender treatment, we note that no such option was in fact available in that, subsequent to the enactment of the First Offender Act in 1968 (Ga. L. 1968, pp. 324, 325, as amended), the robbery statute was amended by Ga. L. 1976, pp. 1359, 1360, to provide that "[a]djudication of guilt or imposition of sentence [for robbery] shall not be suspended, probated, deferred, or withheld. . . ." See OCGA § 16-8-41 (c).

6. For the foregoing reasons, the appellant's conviction and sentence for armed robbery are affirmed, while his conviction and sentence for aggravated assault are vacated.

*Judgment affirmed in part and vacated in part. Carley and Benham, JJ., concur.*

DECIDED MAY 28, 1987.

*Tamara Jacobs*, for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellee.