## 76857. REDDING v. THE STATE.
(374 SE2d 339)

BANKE, Presiding Judge.

The appellant was given consecutive sentences for armed robbery and aggravated battery after pleading guilty to both offenses. On appeal, he contends that the court was not authorized to sentence him for both offenses because they were established by the same conduct. *Held:*

One crime is included in another as a matter of fact if it is established by proof of the same or less than all of the facts used to prove the other. See OCGA § 16-1-6 (1). A defendant may be tried for both offenses under such circumstances but may not be convicted of both. See OCGA § 16-1-7 (a) (1). See generally *State v. Estevez*, 232 Ga. 316 (1) (206 SE2d 475) (1974). This right to be free of multiple convictions for the same conduct has been referred to as the substantive bar against double jeopardy, and it is not waived either by the defendant's entry of a guilty plea or by his failure to assert it in the trial court. See *Blackledge v. Perry*, 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974); *McClure v. State*, 179 Ga. App. 245 (345 SE2d 922) (1986).

It is clear from the indictment and from the transcript of the guilty plea hearing in the present case that the appellant's aggravated assault conviction was based on the identical acts of violence through which he effected the taking of the victim's money. Compare *Coaxum v. State*, 146 Ga. App. 370 (3) (246 SE2d 403) (1978) (where the aggravated assault conviction was based on violent acts which were "gratuitous and unconnected with the theft of the victim's money"). Thus, while it was possible to prove the aggravated battery without establishing all of the conduct needed to prove the armed robbery, it was not possible to prove the armed robbery without simultaneously establishing all of the conduct upon which the aggravated battery conviction was predicated. It follows that the aggravated battery merged with the greater offense of armed robbery, and the sentence imposed for the aggravated battery is consequently vacated. Accord *Hizine v. State*, 148 Ga. App. 375 (1) (251 SE2d 393) (1978). See also *Hambrick v. State*, 256 Ga. 148 (4) (344 SE2d 639) (1986); *Moreland*

*v. State*, 183 Ga. App. 113, 115 (1) (358 SE2d 276) (1987); *Luke v. State*, 171 Ga. App. 201 (2) (318 SE2d 833) (1984). The conviction and sentence for armed robbery are, however, affirmed.

*Judgment affirmed in part and vacated in part. Birdsong, C. J., McMurray, P. J., Sognier, and Benham, JJ., concur. Deen, P. J., Carley, Pope, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

1. The question ruled on is raised for the first time on appeal. Defendant never challenged the court's authority to sentence on both counts, when he pled guilty to both counts, even though the court made clear that it would sentence on each and what the maximum sentence was for each of the two crimes. He could have withdrawn his plea as a matter of right at that time, as the court advised him prior to sentencing. OCGA § 17-7-93. Nor did defendant seek to set aside or vacate the sentence on the aggravated battery charge, as he now demands.

The trial court had no opportunity to consider the question and thus made no ruling thereon for us to review. In this posture, the question is not ripe for determination. Ga. Const. 1983, Art. VI, Sec. V, Par. III; *Gardiner v. State*, 252 Ga. 422, 423 (2) (314 SE2d 202) (1984). As represented in *Scott v. State*, 172 Ga. App. 725, 727 (3) (324 SE2d 565) (1984): "[This question] not having been raised and passed upon in the trial court, nothing is presented for review in this Court."

Neither of the cases cited in the majority opinion meet or resolve this crucial procedural defect. In both of them, as well as in *Clark v. State*, 144 Ga. App. 69 (240 SE2d 270) (1977), a case relied on in the majority-cited case of *McClure v. State*, 179 Ga. App. 245 (345 SE2d 922) (1986), the lower court had made a ruling which was being reviewed by the appellate court. That is what is absent here. The majority has undertaken an original ruling, not a review of a lower court ruling.

2. Even if the question were properly before us, it should be resolved by affirmance of the trial court's judgment imposing two sentences, because there were two crimes as a matter of law and as a matter of fact.

The substantive aspect of the double jeopardy principle is violated if one is convicted (construed to apply to sentence rather than the conviction which precedes it, because its prohibition is against double punishment) of two crimes arising from the same criminal conduct. *State v. Estevez*, 232 Ga. 316, 319 (206 SE2d 475) (1974); OCGA §§ 16-1-6; 16-1-7. As shown there, one crime may be included in another as a matter of law or as a matter of fact.

Aggravated battery, OCGA § 16-5-24 (a), is not included in

armed robbery, OCGA § 16-8-41 (a), as a matter of law because at least one element is different. As relates to the law of this case, aggravated battery requires "maliciously causing bodily harm to another by . . . seriously disfiguring his body . . . ." Armed robbery, on the other hand, does not require bodily injury but only the taking of property from another "by use of an offensive weapon." The "use" may fall short of inflicting bodily injury and still constitute armed robbery. See *Evans v. State*, 173 Ga. App. 655, 657 (2) (327 SE2d 784) (1985). This latter crime requires the taking of property, which is not an element of aggravated battery. See *McCulligh v. State*, 169 Ga. App. 717, 721 (4) (314 SE2d 724) (1984). See also *Jackson v. State*, 164 Ga. App. 487 (1) (297 SE2d 502) (1982), which distinguishes the elements in simple battery and armed robbery.

Under the indictment and admitted facts here, the crimes are separate as a matter of fact as well. As to the indictment, the armed robbery count charged that defendant took property by use of a board to inflict wounds to the victim's head and face. The aggravated battery count charged that defendant disfigured the victim's body by hitting him with the board so as to cause permanent scars to his head.

Much depends on the wording of the indictment, as pointed out in *Coaxum v. State*, 146 Ga. App. 370 (3) (246 SE2d 403) (1978), as it is the indictment which delineates the specific acts charged as crimes. That the appellate courts are cognizant of the importance of this aspect of the question also appears in the majority-cited cases of *Hizine v. State*, 148 Ga. App. 375 (1) (251 SE2d 393) (1978); *Hambrick v. State*, 256 Ga. 148 (4) (344 SE2d 639) (1986), and *Luke v. State*, 171 Ga. App. 201 (2) (318 SE2d 833)· (1984). See also *Harvey v. State*, 233 Ga. 41, 42 (1) (209 SE2d 587) (1974).

Of course, in addition to the indictment charging separate acts as separate crimes, the evidence of one act may not be "used up" in proving the other crime, else the two charges will merge. *Haynes v. State*, 249 Ga. 119, 120 (2) (288 SE2d 185) (1982); OCGA § 16-1-6 (1).

Defendant admitted he hit the victim twice. He first hit him from behind, intending to just knock him out, grab the purse, and run. This constituted completion of the aggravated battery, as all elements were then present, in conformity with the charge. Had defendant run away at that point, his action still would have made up the crime of aggravated battery.

But defendant went further in his actions. When the initial blow to the head did not render the victim unconscious, and he turned around to fight his assailant, the defendant hit him in the face with the board, fracturing the facial bones around the eye. This occurred after the first blow and after defendant demanded and the victim refused the money, which occurred between the two blows. As a result of the second blow, the purse fell and defendant lifted the money out

of it and ran. This sequence of events is in the defendant's own words and confirms what the investigating officer reported.

Thus the armed robbery charge was not made up of the *same* facts as the aggravated battery charge. *State v. Estevez,* supra. As in *Lambert v. State,* 157 Ga. App. 275 (277 SE2d 66) (1981), and *Harvey* supra, there was no merger of offenses such as would allow only one sentence, and defendant could properly be punished for both acts.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this dissent and that Judge Carley concurs in Division 2 of this dissent.

DECIDED SEPTEMBER 19, 1988 —
REHEARING DISMISSED OCTOBER 17, 1988.

*Larry B. Mims,* for appellant.
*David E. Perry, District Attorney,* for appellee.