## A94A0471. SANDERS v. THE STATE.
(442 SE2d 923)

BIRDSONG, Presiding Judge.

James Sanders, Jr., appeals his conviction for armed robbery. Although also convicted of and sentenced for aggravated battery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon, Sanders has asserted no error affecting those convictions. Further, Sanders was also convicted of aggravated assault, but the trial court merged that offense with the armed robbery conviction. The trial court then sentenced Sanders to serve life plus 30 years in prison. In one enumeration of error, Sanders contends the trial court erred by failing to charge the jury on the provisions of OCGA § 16-1-7; by allowing the jury to return a verdict finding him guilty of both aggravated assault and armed robbery; and by failing to enter a conviction on aggravated assault, the less serious offense. *Held*:

1. By alleging several issues in one enumeration of error, appellant has not followed the requirements of OCGA § 5-6-40. *Hoffer v. State*, 192 Ga. App. 378, 382 (384 SE2d 902). Moreover, because the argument portion of his brief consists of one continuing, unnumbered argument, he also has not followed the rules of this court. Court of Appeals Rule 15 (c) (1).

2. Sanders first argues that because he was charged both with robbery of the clerk and aggravated assault upon the person of the clerk with the intent to rob him, the trial court erred by refusing to give the following written request to charge: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." As this charge concerns an issue which must be resolved by the court, not the jury, the trial court did not err by refusing to give the requested charge.

Appellant's argument confuses the jury's role in criminal trials with that of the trial court. Under our law, the jury has the responsibility to give a general verdict of guilty or not guilty. OCGA § 17-9-2. " 'Conviction' is not the verdict; it is the judgment on the verdict or guilty plea. OCGA § 16-1-3 (4); Black's Law Dictionary, p. 403 (4th ed. rev. 1968)." *Leslie v. State*, 211 Ga. App. 871, 872 (440 SE2d 757) (1994). Therefore, since OCGA § 16-1-7 (a) provides that one cannot

be "convicted" of more than one crime arising from the same conduct, this Code section has no application to the verdict. "OCGA § 16-1-7 (a) permits the state to prosecute an individual for each crime his conduct established. It is the *conviction* of more than one crime established by the same conduct that § 16-1-7 (a) forbids." *Green v. State*, 170 Ga. App. 594 (317 SE2d 609). Thus, OCGA § 16-1-7 (a) is inapplicable until a defendant has been found guilty of more than one crime established by the same conduct. *Green v. State*, supra; *Chitwood v. State*, 170 Ga. App. 599, 600 (317 SE2d 589). "The substantive aspect of double jeopardy precludes multiple convictions or punishments for crimes arising from the same criminal conduct. *State v. Estevez*, 232 Ga. 316, 317 (1) (206 SE2d 475) (1974)." *Teal v. State*, 203 Ga. App. 440, 441 (417 SE2d 666).

Consequently, the trial court correctly ruled that application of OCGA § 16-1-7 was a matter for the court and not for the jury. Further, Sanders' reliance on Division 2 of *Moreland v. State*, 183 Ga. App. 113, 115 (2) (358 SE2d 276) is not well placed. First, of course, the statement that a charge based on OCGA § 16-1-6 (1) might be required is mere dicta, and, second, the statement appears to be incorrect. Whether a particular offense is a lesser included offense of another is an issue for the trial court to resolve, not the jury. See *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354); *Harris v. State*, 190 Ga. 258, 263 (9 SE2d 183); *Griffin v. State*, 154 Ga. App. 261, 275 (267 SE2d 867). Whether an accused is guilty of a particular lesser included offense, based on the evidence and proper charge by the court, is the issue for the jury. OCGA § 17-9-2.

3. Sanders' contention that the trial court erred by allowing the jury to return a verdict finding him guilty of both aggravated assault and armed robbery is also without merit. "An accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one crime is included in the other. [OCGA § 16-1-7]." *Estevez*, supra at 320. Accord *Dobbins v. State*, 262 Ga. 161, 164 (415 SE2d 168). "In *Estevez*, supra, [our Supreme Court] interpreted [OCGA §§ 16-1-6 and 16-1-7] to mean that a defendant may be *prosecuted* for each crime arising from the same conduct, but may not be *convicted* of more than one crime if one crime is included in the other." *Addison v. State*, 239 Ga. 622 (238 SE2d 411).

4. Appellant asserts also that the trial court erred by merging the aggravated assault offense, the less serious offense, with armed robbery. Although the trial court clearly did not err by so doing (*Harmon v. State*, 208 Ga. App. 271, 274-276 (430 SE2d 399)), Sanders is not entitled to assert this issue because his counsel specifically asked the trial court to merge the offenses in this manner. One cannot complain of a result he procured or aided in causing (*Locke v. Vonalt*, 189 Ga.

App. 783, 787 (377 SE2d 696)), and induced error is not an appropriate basis for claiming prejudice. *Sullens v. State*, 239 Ga. 766, 767 (238 SE2d 864); *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420). Therefore, this argument presents nothing for our consideration.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 5, 1994.

*John O. Ellis, Jr.*, for appellant.

*J. Tom Morgan*, District Attorney, *Barbara B. Conroy, Gregory A. Adams*, Assistant District Attorneys, for appellee.