67878. POPE v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and convicted of two counts of mutiny in a penal institution. He appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. In related enumerations, appellant asserts that the trial court erred in refusing to strike for cause eleven potential jurors. On voir dire, the eleven had responded affirmatively to the proposition "that the prisoners at the Georgia State Prison have too much authority . . . relative to the guards . . ." The trial court refused to strike the eleven solely on this basis and indicated that appellant would have to "go further and show that that feeling alone would impair their ability to be fair and impartial and decide the case strictly based on the evidence in the case and the instructions given . . . by the court." Appellant apparently elected not to pursue the matter because no further voir dire was conducted. "In order to disqualify a juror for cause, it must be established that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence. [Cit.] It was not established that [the eleven prospective jurors] had such a fixed opinion. This enumeration of error is without merit." *Westbrook v. State*, 242 Ga. 151, 154 (249 SE2d 524) (1978).

In addition, one of the eleven prospective jurors initially indicated that she knew the alleged victim of one of the crimes "real good" and that she would be "more inclined" to believe him than an inmate. However, this prospective juror was subjected to further voir dire as a result of which she indicated that she would give consideration to all the evidence before reaching a decision in the case. It was

not error to refuse to strike this prospective juror for cause. See generally *Wynn v. State*, 168 Ga. App. 132 (1) (308 SE2d 392) (1983).

2. Appellant enumerates as error the denial of his motion for a change of venue. "There is no indication that any of the prospective jurors had formed fixed opinions as to the defendant's guilt or innocence; and, consequently, the trial court did not abuse its discretion in denying the defendant's motion for change in venue. [Cits.]" *Coggins v. State*, 163 Ga. App. 829 (1) (296 SE2d 362) (1982).

3. The trial court's refusal to grant several motions for mistrial is enumerated as error. The first motion was precipitated by the State's introduction into evidence of a certified copy of appellant's conviction. Appellant's contention is that this evidence impermissibly introduced his character into issue. Considering the crimes for which appellant was being tried and the fact that he refused to stipulate that he was in "lawful custody," this enumeration is without merit. See *Coggins v. State*, 168 Ga. App. 12, 13 (4) (308 SE2d 36) (1983).

The second motion for mistrial was predicated upon the testimony given by a State's witness in response to the question of whether, at the time of the incident, appellant was "assigned to a bed in an open dormitory or was he assigned to an individual cell?" The witness answered that appellant was assigned to a "segregation and isolation cell block where inmates who have disciplinary infractions and received segregation time or isolation time are put . . . It's all single cells because . . . this type inmate can't be housed in general population. When he receives seg [sic] time he goes to one of these cells." Again, the motion for mistrial was based upon the contention that appellant's character had erroneously been placed into evidence. "This testimony was permissible as part of the chronicle of the events leading up to" the crimes for which appellant was being tried. *Woods v. State*, 240 Ga. 265, 271 (7) (239 SE2d 786) (1977). Moreover, to the extent that the testimony intimated that appellant presented a disciplinary problem, it was admissible "other transactions" evidence in appellant's trial for mutiny in a penal institution. See *Coggins v. State*, supra at 13 (4). It was not error to deny the motion for mistrial.

The third motion for a mistrial trial was based upon a comment by the State's attorney. The trial court denominated the comment as "improper" and ordered it stricken. No renewed motion for mistrial was made. There was no error. See generally *Burke v. State*, 145 Ga. App. 804 (245 SE2d 47) (1978).

4. The final enumeration addresses the trial court's refusal to give one of appellant's requests to charge. The specific issue has been decided adversely to appellant in *Alexander v. State*, 247 Ga. 780, 784 (3) (279 SE2d 691) (1981).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED MAY 3, 1984 —

*Jack E. Carney, Jr.,* for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.