## 45784. LEE v. THE STATE.
(374 SE2d 199)

WELTNER, Justice.

Larry Lee was convicted by a jury in Wayne County on three counts of murder and one count each of armed robbery, burglary, and possession of a firearm during the commission of a felony. He was sentenced to death for each of the three murders.[1] We have summarized below the evidentiary materials on which the jury could have relied in reaching its verdicts.

Clifford and Nina Jones operated the Reedy Creek Restaurant in Wayne County. They lived across the road from their restaurant. They usually kept in their home over the weekend more than $1,000 in cash from their business.

Early on Saturday morning, April 26, 1988, the Jones' daughter, Christy, left for a school-related activity on Jekyll Island. Fifteen minutes later, Larry Lee, his brother Bruce Lee, and Sherry Lee (then Bruce Lee's fiancee) drove up to the Jones home. Bruce and Larry Lee entered the Jones home armed with handguns. When Clifford Jones resisted their intrusion, Bruce Lee killed him. Jones was stabbed, beaten, and shot six times. His wife, Nina Jones, and their son, Jerold, were forced into a bedroom. Larry Lee beat the son with his pistol, stabbed him in the back, and shot him. He shot Nina Jones three times.

Sherry Lee entered the house while the two men were preparing to move the body of Clifford Jones. Bruce Lee ordered her to leave. Soon, Bruce and Larry Lee returned to the car and drove away. A neighbor saw a car leaving the area at high speed, and later identified it as Sherry Lee's car. The Lees stole guns, money, and other items from the Jones home.

Bruce Lee died two months later, during the commission of another burglary. Larry Lee surrendered to authorities in Arizona.

1. The evidence, viewed in the light most favorable to the state,

---

[1] The crime was committed on April 26, 1986. Lee was indicted November 5, 1986, and the case was tried November 16 through 24, 1987. A motion for new trial was heard March 28, 1988. The motion was denied, and a notice of appeal was filed on April 13, 1988. The case was docketed in this court on May 3, 1988. Oral arguments were heard on June 28, 1988.

supports the conviction beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lee contends the trial court should have excused for cause 21 prospective jurors because they either knew the victims or had some knowledge of the case from the pre-trial publicity. However, all of these prospective jurors testified they could be fair and impartial and could decide the case based on the evidence presented in court. The trial court did not err by refusing to excuse these prospective jurors. *Chancey v. State*, 256 Ga. 415, 425 (3) (B) (a) (349 SE2d 717) (1986).

3. Nor did the court err by denying a change of venue. *Lee v. State*, 258 Ga. 82 (9) (365 SE2d 99) (1988).

4. The trial court did not err by excusing for cause a prospective juror who, although not opposed to the death penalty, testified that he would have trouble imposing it, and that his feelings would interfere substantially with his ability to follow the instructions of the court. *Alderman v. State*, 254 Ga. 206 (4) (327 SE2d 168) (1985).

5. The parties are entitled on voir dire to ascertain whether prospective jurors have formed an opinion as to the guilt or innocence of the accused. OCGA § 15-12-133. However, they are not entitled to ask jurors to prejudge the case. *Evans v. State*, 222 Ga. 392 (12) (150 SE2d 240) (1966). There was no error in the voir dire of prospective juror Rogers.

6. On cross-examination, the defendant asked a GBI agent:

> During those first couple of months while you were working on the case, the community, in your opinion, had a very strong desire to see the killers of the Jones family apprehended?

The state's objection to the question was sustained on grounds of relevance. The answer to this question was, at best, marginally relevant, and the trial court did not abuse its discretion by sustaining the state's objection. *Hicks v. State*, 256 Ga. 715 (13) (352 SE2d 762) (1987).

7. The trial court did not err in instructing the jury not to consider whether Lee would be given consecutive or concurrent life sentences, or when he would be eligible for parole if he were given a life sentence. *Quick v. State*, 256 Ga. 780 (353 SE2d 497) (1987).

*Sentence Review*

8. The jury found as statutory aggravating circumstances that all three murders were committed while Lee was engaged in the commission of armed robbery and burglary, and that the murders of Nina and Jerold Jones were committed while Lee was engaged in the commission of the murder of Clifford Jones. OCGA § 17-10-30 (b) (2).

The evidence supports these findings. OCGA § 17-10-35 (c) (2). Compare *Beck v. State*, 255 Ga. 483 (5) (340 SE2d 9) (1986).

9. The sentence of death was not imposed under the influence of passion, prejudice or other arbitrary factor and is neither excessive nor disproportionate to sentences imposed in similar cases, considering both the crime and the defendant. OCGA § 17-10-35 (c) (1) and (c) (3).

*Judgment affirmed. All the Justices concur.*

APPENDIX.

*Frazier v. State*, 257 Ga. 690 (362 SE2d 351) (1987); *Ford v. State*, 257 Ga. 461 (360 SE2d 258) (1987); *Romine v. State*, 256 Ga. 521 (350 SE2d 446) (1986); *Cargill v. State*, 255 Ga. 616 (340 SE2d 891) (1986); *Ingram v. State*, 253 Ga. 622 (323 SE2d 801) (1984); *Finney v. State*, 253 Ga. 346 (320 SE2d 147) (1984); *Spivey v. State*, 253 Ga. 187 (319 SE2d 420) (1984); *Roberts v. State*, 252 Ga. 227 (314 SE2d 83) (1984); *Putman v. State*, 251 Ga. 605 (308 SE2d 145) (1983); *Mincey v. State*, 251 Ga. 255 (304 SE2d 882) (1983); *Wilson v. State*, 250 Ga. 630 (300 SE2d 640) (1983); *Rivers v. State*, 250 Ga. 288 (298 SE2d 10) (1982); *Jones v. State*, 249 Ga. 605 (293 SE2d 708) (1982); *Berryhill v. State*, 249 Ga. 442 (291 SE2d 685) (1982); *Solomon v. State*, 247 Ga. 27 (277 SE2d 1) (1981); *Dick v. State*, 246 Ga. 697 (273 SE2d 124) (1980); *Jones v. State*, 243 Ga. 820 (256 SE2d 907) (1979); *Amadeo v. State*, 243 Ga. 627 (255 SE2d 718) (1979); *Corn v. State*, 240 Ga. 130 (240 SE2d 694) (1977); *Peek v. State*, 239 Ga. 422 (238 SE2d 12) (1977); *Birt v. State*, 236 Ga. 815 (225 SE2d 248) (1976); *Pulliam v. State*, 236 Ga. 460 (224 SE2d 8) (1976); *Dobbs v. State*, 236 Ga. 427 (224 SE2d 3) (1976); *Goodwin v. State*, 236 Ga. 339 (223 SE2d 703) (1976); *Mitchell v. State*, 234 Ga. 160 (214 SE2d 900) (1975); *Moore v. State*, 233 Ga. 861 (213 SE2d 829) (1975); *Gregg v. State*, 233 Ga. 117 (210 SE2d 659) (1974).

DECIDED DECEMBER 1, 1988 — RECONSIDERATION DENIED DECEMBER 14, 1988.

*Ashman & Zipperer, Alex L. Zipperer III,* for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Stephen D. Kelley, Assistant District Attorneys, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.