## 77688. JOHNSON v. THE STATE.
(378 SE2d 700)

POPE, Judge.
Appellant was convicted of attempted armed robbery and aggravated assault. He was sentenced to serve ten years on each count, with the terms to run concurrently. The only enumeration of error is that the offense of aggravated assault should have merged into the attempted armed robbery as a matter of fact and that the trial court erred in sentencing appellant on the aggravated assault count. *Held*:

"While it is settled that aggravated assault is not included in robbery, armed robbery or attempted armed robbery as a matter of law, [cits.], it may be included as a matter of fact." *Hambrick v. State*, 256 Ga. 148, 150 (344 SE2d 639) (1986).

The facts adduced at trial showed that the victim opened his motel door to find appellant advancing on him with a gun and demanding his money. Although the victim denied having any money, appellant insisted that he did and he had better give it to him or he would kill him. The victim decided that appellant would not shoot and decided to "try him." Appellant shot the victim in the hand and leg. The victim then told appellant that his money was outside and led him about half a mile down the street where the victim ran into some bushes and escaped. During the escape, appellant fired two more shots at the victim, but missed.

While we agree with appellant that the shooting of the victim was

an aggravated assault that merged into the attempted armed robbery because the shooting was the act that caused the victim to agree to lead appellant to his money (see *Moreland v. State*, 183 Ga. App. 113 (1) (358 SE2d 276) (1987)), we find that appellant's conviction for aggravated assault should stand nonetheless. When the victim escaped, the attempted armed robbery came to an end; the shots subsequently fired by appellant at the victim constituted a separate offense. See *Harvey v. State*, 233 Ga. 41 (1) (209 SE2d 587) (1974); *Loumakis v. State*, 179 Ga. App. 294 (4) (346 SE2d 373) (1986); *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 6, 1989.

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney*, for appellee.