## A90A0638. SIMS v. THE STATE.
### (394 SE2d 422)

BIRDSONG, Judge.

Gregory Sims appeals his conviction for armed robbery of the proprietor of a pool room. He was identified by the victim from a photo lineup before trial and positively identified at trial. The victim testified he knew Sims' co-defendant, Lewis, but did not know Sims, and that while the two men were playing pool in his establishment, Sims hit him in the head with a pool cue and knocked him on the floor. The victim also testified: "The day that — When I wound up on my back and he was sitting astraddle of my chest along here with both hands at my throat, I looked that boy good in the face. I think if I met him downtown New York I would recognize him." The victim suffered two gashes in the back of his head, stomach pain and injury, and coughed up blood from the strangling. He testified he had known the co-defendant, Dwaine Lewis, for a number of years, that Lewis had done nothing and made no move to help him when appellant assaulted him. The victim testified the incident made him "pretty upset" with Dwaine Lewis who had previously been a friend, and that he had good opportunity to view the other person (appellant) as he was being sat upon and choked. When the victim identified Sims in the photo lineup, Sims did not have a moustache as he did at trial. The robbers took more than $2,500 while the victim was unconscious.

On appeal, Sims enumerates three errors below. *Held*:

1. Sims contends the trial court erred in denying his motion for severance of trial. We find no error. Under the facts of this case just stated, we find no possibility that the evidence implicating co-defendant Lewis wrongfully or improperly implicated appellant, or that the jury could have been confused as to the relative participation of both defendants. Lewis admitted he was in the victim's place of business but did not personally attack the victim, and he identified Sims as the one who made the assault. Sims simply maintained an alibi. The co-defendants did not have antagonistic defenses. We do not find merit in appellant's argument that the evidence implicating Lewis "spilled over" onto him; the victim was exceedingly clear in identifying Sims and Lewis separately, in selecting Sims' photo from a lineup,

and in testifying that appellant Sims, and not Lewis, was the one who physically assaulted him. The jury could not logically confuse the roles played by the two co-defendants or, merely by finding Lewis guilty of participation, inappropriately conclude appellant Sims committed the physical assault. Under the standards of OCGA § 17-8-4, and see *Kelley v. State*, 248 Ga. 133 (281 SE2d 589), and *Eady v. State*, 182 Ga. App. 293 (355 SE2d 778), we find the trial court did not abuse its discretion in deciding whether to sever trials (*Mapp v. State*, 258 Ga. 273 (368 SE2d 511)) and appellant has not borne his burden to show reversible error by denial of due process. See *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856).

2. The evidence was not, as appellant contends, insufficient to support the verdict. There were distinct and consistent identifications of Sims by the victim from a photo lineup and at trial. The victim had had a relatively long time to stare closely into the face of the man who sat on top of him and strangled him with a rope and with his hands, thus reducing greatly any chance for misidentification. Further, the co-defendant identified Sims as the attacker. The evidence is sufficient to enable any rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt, under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. The trial court did not err in denying a new trial on the claimed grounds of newly discovered evidence.

This newly discovered evidence consists of a letter purportedly written by Dwaine Lewis some four months after he was convicted, tending vaguely to absolve Sims of guilt and to recant his identification of Sims as the other robber. There is no authentication of this letter. There is, however, a sworn affidavit of a former jail mate of Lewis, averring that Lewis told him appellant Sims was not the man in the victim's place of business with him.

This "evidence" does not warrant a new trial. The affidavit of the jail mate is inadmissible hearsay (*Herrin v. State*, 230 Ga. 476, 478 (197 SE2d 734)), and the letter alleged to be from Lewis is not authenticated as being his, nor is it accompanied by affidavit of Lewis. See *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) concerning the criteria for granting new trial upon newly discovered evidence. Moreover, the letter evidence, even if it were proven to be written by Lewis, does not even barely raise the possibility of a different verdict, for it would serve at best to discredit and impeach Lewis and make this "new" evidence untrustworthy. *Timberlake*, supra. Since Lewis had already been convicted of the crime, Lewis' recantation of his evidence does not justify a new trial. *Richey v. State*, 132 Ga. App. 188 (207 SE2d 672).

Finally, and in any case, the victim's identification of Sims, both before and during trial, was so sufficiently clear and strong as to be

Finally, and in any case, the victim's identification of Sims, both before and during trial, was so sufficiently clear and strong as to be unlikely to be discredited by the co-defendants' post-trial attempt to say Sims was not the co-actor. Thus, it probably would not produce a different verdict. *Timberlake,* supra. Appellant was not entitled to a grant of new trial merely to obtain authentication of the letter, for that was something to be accomplished by him to authorize a new trial in the first place.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 14, 1990 —

*Allen M. Trapp, Jr.,* for appellant.

*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, George F. Hutchinson III, Assistant District Attorneys,* for appellee.