A90A1614. BROWN v. THE STATE.
(398 SE2d 582)

DEEN, Presiding Judge.

Athea Emmett Brown was tried by a jury and convicted of robbery by intimidation (a lesser included offense of armed robbery), aggravated assault with intent to rob, entering an automobile, and criminal trespass. He was found not guilty of one count of aggravated assault with an offensive weapon. On appeal he asserts the general grounds, contends that the court below erred in failing to grant a mistrial after it gave an *Allen* charge, and that the aggravated assault with intent to rob count merged with the robbery count.

1. The victim, Courson, was a carpenter who worked on constructing a Sizzler Steak House and who lived in his camper at the construction site for security purposes. About midnight on October 17, 1988, he was dozing off to sleep when he was awakened by someone opening the back window of his camper, and noticed two men at the open window. When he moved, the men ran behind one of the buildings, and he could see by the lights left on at the construction site that one of the men was short and the other was tall and slender. When the men realized that the victim's warning that he was armed was a ruse, the men began to throw rocks at him and called for him to come out of the camper. When he refused, each man got on one side of his truck and demanded his billfold. When he refused to hand it over, the tall man used a conduit pipe from the building to break out

the left side window of the camper, and the short man (the defendant) used the pipe to break the right side window. The men entered the cab of the truck, searched it, and removed a carton of cigarettes. Courson saw their faces when the light came on in the truck. While the men were searching the truck, Courson threw out a radio hoping that it would satisfy them and they would leave. The short man inserted the pipe into the camper through a window and jabbed at the victim several times striking him in the shoulder and chest. The victim came out of the camper, and the short man picked up the radio. The men ran behind a nearby Kroger store, and the victim called the police. He gave the investigating officer a description of his assailants: two black men wearing jeans, one tall and slender and the other short and carrying a radio. When the officer pulled up behind two men matching this description, they noticed him, dropped the radio, and ran. The officer was able to apprehend the short one and took him back to the crime scene where the victim identified him as one of his assailants and stated that the radio was his. The victim also testified that he could identify the defendant by his voice.

The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hosch v. State*, 185 Ga. App. 71 (363 SE2d 258) (1987).

2. During jury deliberation three notes were sent to the trial judge by the jury. The first two stated that it was deadlocked. After each note the judge advised them to continue their deliberations. A third note requested the court to let the jury see a drawing of the Kroger store made by the defendant. The court called the jury in and told them that he had discussed their request with both lawyers, and that they had agreed to reopen the case to allow the State to introduce the diagram without objection. The court again noted that the jury was unable to reach a decision. A fourth note was received by the court from the jury which indicated that it was split 10-2 because the State had not proved to the satisfaction of all the jurors that "mistaken identity was not involved in the case," and that the jury did not feel that it was possible to reach a unanimous decision. Before giving the *Allen* charge, the court indicated to the attorneys that it intended to give such a charge if the jury had not reached a decision by the lunch break. The judge asked if "either side [had] anything to add to that?" Both sides indicated that they did not. After informing the jury of the time and length of the lunch break, and after making sure that it had the requested exhibit, the court asked if either side had any objection or comment. None was made. After the jurors returned from lunch, the court gave the *Allen* charge, and defense counsel objected and moved for a mistrial.

The charge given is identical to the one set forth in the Council

of Superior Court Judges' Suggested Pattern Jury Instructions. The charge urges the jurors to reach a unanimous decision, but instructs them that the verdict must be the conclusion of each juror and not a mere acquiescence of the jurors in order to reach a verdict. Such a charge is properly given when the trial court, in the exercise of its discretion, believes that the jury is deadlocked. *Spaulding v. State*, 232 Ga. 411, 413 (207 SE2d 43) (1974); *Sanders v. State*, 257 Ga. 239, 243 (357 SE2d 66) (1987); *Christian v. State*, 190 Ga. App. 667, 670 (379 SE2d 807) (1989). We find no abuse of the trial court's discretion in giving the charge.

3. Count one, robbery by intimidation, did not merge with count two, aggravated assault (with intent to rob). The defendant was found not guilty of aggravated assault with an offensive weapon. As noted in *Johnson v. State*, 190 Ga. App. 172 (378 SE2d 700) (1980), aggravated assault is not included in robbery or armed robbery as a matter of law, but it may be included as a matter of fact. The facts in the instant case do not show that one offense was included in the other as a matter of fact. The first count, robbery by intimidation, was committed by breaking the windows of the camper and causing the victim to throw out the radio; the second count, aggravated assault (with intent to rob) was committed when the defendant threw rocks at the victim in an attempt to make him get out of the camper. The acts described by the victim constituted separate offenses. See also *Harvey v. State*, 233 Ga. 41, 42 (209 SE2d 587) (1974); *Loumakis v. State*, 179 Ga. App. 294, 297 (346 SE2d 373) (1986).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 25, 1990.

*John D. McCord III, John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, John H. Petrey, Assistant District Attorneys*, for appellee.