A97A2159. MOBLEY v. THE STATE.
(495 SE2d 598)

Judge Harold R. Banke.

The initial trial in this case ended in a mistrial. After a second trial, Gurnell Mobley was convicted of manslaughter, two counts of aggravated assault, and criminal trespass. He enumerates four errors, three of which challenge the trial court's refusal to strike jurors for cause.

This case arose after Mobley's former girl friend began seeing the victim. After the girl friend spurned his attempts to see her, Mobley broke into her home, got a knife from the kitchen, and walked into a bedroom where she lay sleeping with the victim. Mobley cut the phone cord, hit his former girl friend, and held the knife to her chin. Then, after a struggle, he stabbed the victim in the chest. *Held*:

1. The trial court's refusal to strike Juror 16 for cause based upon her admission that she had been raped at knifepoint 20 years before does not require reversal. *Hardy v. State*, 210 Ga. App. 811, 812 (1) (437 SE2d 790) (1993). The juror stated that she could be fair

and impartial notwithstanding the emotions the evidence might arouse. In the absence of any evidence showing that the juror's "opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence," we cannot say that the trial court abused its discretion. *Greenway v. State*, 207 Ga. App. 511, 513 (3) (428 SE2d 415) (1993).

2. We reject Mobley's contention that the affiliations with law enforcement acknowledged by Jurors 8 and 10 disqualified them. Juror 8 stated that she had been a federal park ranger for three summers years before. Juror 10, a hospital administrator, stated he had worked in security at the hospital nine years previously. Inasmuch as former law enforcement officers are not automatically disqualified from serving on juries and both jurors stated that they could be fair and impartial, the trial court did not abuse its discretion in refusing to strike them for cause. *Potts v. State*, 261 Ga. 716, 722 (8) (410 SE2d 89) (1991); *Greenway*, 207 Ga. App. at 513 (3).

3. The trial court's rejection of Mobley's proposed jury charge on the relation between voluntary manslaughter and self-defense was not reversible error.[1] The record shows that the trial court instructed the jury on both voluntary manslaughter and self-defense. As the trial court observed, the proposed charge was confusing. See *Lindley v. State*, 225 Ga. App. 338, 342 (2) (a) (484 SE2d 33) (1997). Moreover, the charge given, as a whole, was not misleading and substantially covered the matters at issue in a way not likely to confuse the jury. *Leigh v. State*, 223 Ga. App. 726, 731 (3) (478 SE2d 905) (1996); see *Asbury v. State*, 175 Ga. App. 335, 337 (2) (333 SE2d 194) (1985).

4. Mobley claims the trial court abused its discretion in refusing to strike Juror 11, who asserted that he had formed an opinion about the case during voir dire. Because the record shows that this juror was excused, this enumeration lacks merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

---

[1] Mobley has included no citations to the requested charge in the record, and it is not among the written requests for instruction to the jury included in the record. See Court of Appeals Rule 27 (c) (3) (i). The State, however, does not dispute that the requested charge stated the following: "Voluntary Manslaughter — Relation to Self Defense. The distinguishing characteristic between voluntary manslaughter and justifiable homicide is whether the accused was so influenced and excited that he reacted passionately rather than simply to defend himself. Circumstances which are sufficient to show voluntary manslaughter, as opposed to justifiable homicide, include a situation in which sudden passion, or fear, is aroused in the actor, without malice aforethought, and the actor willfully kills his attacker, when it was not necessary for him to do so in order to protect himself. The fear engendered by danger can be sufficient provocation to excite the passion necessary for voluntary manslaughter."

DECIDED JANUARY 8, 1998.

*Alicia C. Head*, for appellant.

*Paul L. Howard, Jr., District Attorney, Cari K. Johanson, Assistant District Attorney*, for appellee.