## A08A1685. NEJAD v. THE STATE.
(700 SE2d 886)

MIKELL, Judge.

The Supreme Court granted certiorari in this case and, in *State v. Nejad*,[1] reversed the judgment of this Court. Therefore, we vacate our earlier opinion[2] and adopt the judgment of the Supreme Court as our own. Furthermore, we address the remaining enumeration of error raised by appellant and, as set forth below, conclude that it lacks merit.

The facts of this case are set forth fully in *Nejad I*.[3] As stated therein, Ali Nejad was convicted of rape, aggravated sodomy, aggravated assault with a deadly weapon (two counts), and aggravated battery (two counts).[4] In his remaining enumeration of error, Nejad argues that he is entitled to a new trial because one of the jurors

---

[1] 286 Ga. 695 (690 SE2d 846) (2010).
[2] 296 Ga. App. 163 (674 SE2d 60) (2009) (*Nejad I*).
[3] Id.
[4] Id.

failed to disclose during voir dire that she was a rape victim but revealed that fact to her fellow jurors during jury deliberations. We disagree.

The record shows that during voir dire, the following question was posed:

> Now, ladies and gentlemen, how many of you have been the victim of a crime or you've had a close family member or close friend the victim of a crime where you were very much involved or interested in what the outcome of their charges were? If any of you are in that category, tell me and this will be — if you perceive it to have been a crime, then we want to know about it, okay?

The juror at issue stated, "My goddaughter [sic] was molested by my ex. He's serving 20 years in State of Georgia now." After sentencing, counsel spoke with members of the jury and learned that this juror had been the victim of a rape and had not reported the crime and that she had shared this experience with the jury during deliberations. The juror was then sworn as a witness and testified that she thought she had revealed during voir dire that she had been raped and she did not think that she would get picked for the jury for that reason;[5] that she had been raped by her husband 20 years earlier but had not reported it because she did not think it was rape; that she tearfully volunteered this information during deliberations when the jury was discussing the fact that one of the victims in the instant case did not immediately report the attack; that her experience had no impact on the decision she made in the trial; that she believed that she had been a fair and impartial juror and considered all of the evidence; and that the jury had debated the case vigorously and had decided the case based on the evidence.

> [I]n order for a defendant to secure a new trial because a juror did not give a correct response to a question posed on voir dire, the defendant must show that the juror failed to answer the question truthfully and that a correct response would have been a valid basis for a challenge for cause.[6]

Even if we assume that the juror did not answer the question

---

[5] During the hearing on the motion for new trial, defense counsel testified that based upon a review of the notes made during voir dire and his recollection of the trial judge's comments about notes that he made during voir dire, the juror had not revealed that she was a rape victim.

[6] (Punctuation and footnote omitted.) *Lucas v. State*, 274 Ga. 640, 647 (11) (555 SE2d 440) (2001).

truthfully, we conclude that a new trial is not warranted because a correct response would not have been a valid basis for a challenge for cause.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. For a juror to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence and the court's charge upon the evidence.[7]

During voir dire, the juror testified that she had no doubt that she could be fair and impartial in this case. She explained that she told her granddaughter to forgive her ex-husband and that she forgave him because she was a Christian. She further testified that "I never look at a person as being guilty. I always like to hear both sides of the evidence. . . . I like to listen to what people say before I decide on any decisions that I make." When asked if her religious beliefs would prevent her from determining guilt, she replied that it would not be difficult for her to make a decision. Accordingly, we conclude that Nejad has not shown that a correct response to the question posed would have been a valid basis for a challenge for cause because in light of the juror's testimony, the trial judge would have been within its discretion had it refused to strike the juror for cause.[8] Accordingly, this enumerated error fails, and we affirm Nejad's convictions.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 10, 2010 — 

*Brian Steel*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[7] (Citations omitted.) *Hyde v. State*, 275 Ga. 693, 695-696 (4) (572 SE2d 562) (2002). See also *Pope v. State*, 170 Ga. App. 799 (1) (318 SE2d 223) (1984) ("In order to disqualify a juror for cause, it must be established that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence") (citation and punctuation omitted).

[8] See *Mobley v. State*, 230 Ga. App. 120 (1) (495 SE2d 598) (1998) (trial court's refusal to strike juror for cause based on her admission that she had been raped at knifepoint 20 years before did not require reversal where juror testified that she could be fair and impartial).